UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, <br><br> Plaintiff, <br><br> v. <br><br> LINNEA BILLDT EPSTEIN; TAMRA BILLDT JOHNSON; BRIAN JOHN BILLDT; MARK ANDREW STUEN; MOLLY JANETTE OLBERTZ; PAUL FREDERICK STUEN; MARGOT ELIZABETH JOHNSON, <br><br> Defendant. | No. C 08-5671KLS <br><br> ORDER REGARDING ATTORNEY FEES AND COSTS |

This matter is before the Court on the Plaintiff's Motion for Award of Attorney Fees and Costs (Dkt. 48). The Plaintiff requests an award of $24,567.50 in attorney fees and costs of $614.40 as well as an award of attorney fees of $2,000 related to the preparation of its attorney fees request. "Corinne's Children" filed their objection (Dkt. 50 and 51) and the Plaintiff filed its reply (Dkt. 52 and 53).

This Court previously determined that the Plaintiff is entitled to an award of reasonable attorney fees and costs and that the fees and costs shall be paid out of the funds which have been deposited into the registry of the court. This determination is still the order of the Court.

Order Regarding Attorney Fees
Page - 1

With regard to the Plaintiff's request for attorney fees, there is no dispute that the requested rate of $250 is reasonable and the Court finds that such rate is reasonable in light of counsel's experience.

Corinne's Children raised several objections to specific portions of the Plaintiff's fee request. The Court will address each objection in the order in which it was made.

**Summary Judgment.** The defendants object to the fee request related to the summary judgment motion on the grounds that those costs would not have been incurred had the Plaintiff agreed to mediation. While resolution of a case through mediation is, in most cases, a desirable result, a party has no legal obligation to forgo the right to seek summary judgment based on a request for mediation. While mediation may result in a settlement it is also not uncommon for mediation to be unsuccessful in light of a pending motion in which a party's legal rights are being asserted. The undersigned cannot, therefore, assume that refusing to participate in mediation resulted in unnecessarily incurred legal fees.

The Defendants also assert that the fees incurred were excessive in light of the fact that the motion was relatively short. However, this Court is aware of the time it spent in reviewing the motion and all the pleadings filed in support of and in opposition to the motion. This was a complicated motion with a number of issues raised in opposition to the motion. The Court, therefore, concludes that the hours requested were reasonable and necessary.

**Discovery Plan and Joint Status Report.** The explanation provided by counsel for Thrivent adequately supports the time requested in this category.

**Case Budget.** While a Case Budget may have been requested by Thrivent, it was not necessary or related to the case. The time requested for of 1.5 hours for a total of $375.00 is not allowed.

**Need for Experts.** The Plaintiff agrees that it made an error regarding the time entry for this category. The actual time expended was 0.1 hours for $25.00 and that amount will be awarded.

**Client Updates.** Clearly counsel have the obligation of keeping clients advised regarding the status of a case. The total time requested of 0.5 hours to accomplish this task is reasonable and necessary.

**Missing pages.** Counsel objected to time billed for "Plaintiff's counsel's time attempting to explain the basis for the missing pages of The Contract that is the subject of this dispute." The response identifies one e-mail as being related to that attempt and asserts that the time to prepare this e-mail was minimal. Having reviewed the entire entry made for the date of the e-mail to Alayne Russom, the Court

agrees and there shall be no reduction in the amount of time expended for the date of June 16, 2009 by LBC.

**Power of Attorney.** With the explanation provided by the Plaintiff, the Court is granting the requested time of .1 expended on October 1, 2008.

**Fees Requested for Preparation of Fee Request.** The Court is granting the request for an additional $2,000 in attorney fees incurred in preparation of the fee request and in responding to the objections raised by the objecting defendants.

## CONCLUSION

IT IS HEREBY ORDERED that the Plaintiff be awarded reasonable attorney fees of $26,142.50 and costs of $614.40, which sums shall be paid out of the funds deposited into the registry of the court. The Clerk is directed to issue a check payable to Thrivent Financial for Lutherans in the total sum of $26,756.90 and to mail that check to the attention of Linda B. Clapham, Gordon & Rees, Attorney at Law, 701 5th Avenue, Suite 2130, Seattle, WA 98104.

DATED this 18th day of December, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge